833 F.2d 310
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Franklin J. LOFTIS, Petitioner-Appellant,
v.
William D. LEEKE, Commissioner, South Carolina Department of
Corrections, Attorney General of the State of
South Carolina, Respondents-Appellees.
 No. 87-7183.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1987.
Decided Nov. 3, 1987.
 
 Franklin J. Loftis, appellant pro se.
 William Alva Ready, III, Office of the Attorney General of South Carolina, for appellees.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Franklin J. Loftis, a South Carolina inmate, seeks a certificate of probable cause to appeal the district court's entry of summary judgment in favor of respondents on his petition for habeas corpus relief brought pursuant to 28 U.S.C. Sec. 2254. Loftis also seeks to appeal the denial of his motion to alter or amend judgment brought pursuant to Fed.R.Civ.P. 59(e), and his motion for relief from judgment brought pursuant to Fed.R.Civ.P. 60(b).
 
 
 2
 Loftis was convicted and sentenced in 1985 for crimes committed in 1976. During the period between the commission of the crime and his conviction the law in South Carolina concerning the minimum number of years that a person must serve on a life sentence before eligibility for parole consideration changed from ten years (1976) to twenty years (1985).
 
 
 3
 In his petition Loftis contends that the application of these subsequent legislative enactments to his punishment violates the prohibition on ex post facto laws found in the United States Constitution, Article 1, Section 10. See also Miller v. Florida, 55 U.S.L.W. 4814 (U.S. June 9, 1987) (No. 86-5344). The petition was referred to a magistrate pursuant to 28 U.S.C. Sec. 636(b)(1) for report and recommendation. The magistrate found that Loftis had not exhausted his available state remedies and recommended that summary judgment be granted in favor of respondents. After consideration of Loftis' objections to the report the district court adopted the report and entered summary judgment in favor of respondents. Loftis filed timely post-judgment motions pursuant to Federal Rules of Civil Procedure 59(e)* and 60, which were denied.
 
 
 4
 It is clear from a review of the record that Loftis' claim has never been properly presented to the state courts as required by 28 U.S.C. Sec. 2254(b) and (c). The district court found the claim to be unexhausted. We agree and affirm on the reasoning of the district court. Loftis v. Leeke, C/A No. 3:87-137-6B (D.S.C. April 28, 1987).
 
 
 5
 The grant of summary judgment, however, was based on Loftis' failure to exhaust state court remedies; the judgment could not, therefore, operate as an adjudication on the merits. See 6 J. Moore, Moore's Federal Practice p 56.03 (2d ed. 1987). Pursuant to 28 U.S.C. Sec. 2106 we modify the district court's order to show that the petition is dismissed without prejudice.
 
 
 6
 Finally, we find no abuse of discretion in the denial of Loftis' motions, brought pursuant to Fed.R.Civ.P. 59 and 60, to vacate or amend the judgment. The court correctly found that Loftis had failed to present any reason which would warrant the relief requested. Accordingly, we grant a certificate of probable cause and, as so amended, we affirm the dismissal of the petition. We dispense with oral argument because the dispositive issues have been decided authoritatively.
 
 
 7
 AFFIRMED AS MODIFIED.
 
 
 
 *
 Although the district court found that this motion was outside the ten-day requirement, the motion was timely. Rule 59 requires service of the motion within ten days of entry of judgment. Even though Loftis' motion was filed more than ten days after entry of judgment, the certificate of service reflects that it was served within the ten-day period. See Fed.R.Civ.P. 5(b) (service by mail is complete upon mailing); see also Fed.R.Civ.P. 6(a) (when period of time prescribed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation)